JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN, | Case No. EDCV 19-0414-JVS (JEM) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |
| PATRICK COVELLO, | |
| Respondent. | |

On March 6, 2019, Richard Allen ("Petitioner"), filed a petition for writ of habeas corpus ("Petition"), in which he challenges the December 29, 2016 decision by the California Board of Parole Hearings ("Board") finding him unsuitable for parole. (Petition at 3, 5-6, 16-47; Petition Part 1 at 1-7, 10; Petition Part 2 at 23-30.)[1]

For the reasons set forth below, the Petition should be summarily dismissed.

## DISCUSSION

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief,

---

[1] The Court refers to the pages of the Petition as numbered by the CM/ECF system.

the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

Summary dismissal is appropriate in this case because the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011), precludes habeas relief on Petitioner's claims. In Swarthout, the Supreme Court recognized that Board decisions are reviewed by California state courts under a standard of "whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous." Id. at 217 (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (2008)) (additional citation omitted). The Court also acknowledged as reasonable the Ninth Circuit holding that California law governing parole creates a cognizable liberty interest for purposes of analyzing a federal due process claim. Id. at 219-20 (citing Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010)). However, the Court emphasized that any such interest is "a *state* interest created by California law"; there is no corresponding substantive right under the United States Constitution to conditional release before expiration of a valid sentence. Id. at 220 (emphasis in original) (The Court also stated: "No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement.").

Therefore, regardless of the standard of judicial review applied by California state courts, the proper scope of federal habeas review in the context of a parole decision concerns only the constitutional question of whether fair and adequate procedures were employed for protection of the prisoner's state-created liberty interest. Id. ("When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures."); see also id. at 222 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly.").

The Court reaffirmed that "[i]n the context of parole, we have held that the procedures required [by the Constitution] are minimal." Id. at 220; see also Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979) (adequate

2

process consisted of an opportunity to be heard and a statement of reasons for parole denial). The Supreme Court determined in <u>Greenholtz</u> "that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." <u>Swarthout</u>, 562 U.S. at 220 (citing <u>Greenholtz</u>, 442 U.S. at 16). "The Constitution does not require more." <u>Greenholtz</u>, 442 U.S. at 16. Any further inquiry into the actual merits of a parole decision, and specifically into the question of whether the "some evidence" standard regarding present dangerousness was satisfied, would involve a question of state law that is not cognizable on federal habeas review. <u>Swarthout</u>, 562 U.S. at 221 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied"); see also <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Engle v. Isaac</u>, 456 U.S. 107, 121 n. 21 (1982).

Following <u>Swarthout</u>, Petitioner may not obtain habeas relief on the grounds asserted in his Petition, which essentially challenge the specific evidence and reasoning used to support the decision to deny him parole. The Petition and accompanying exhibits indicate that Petitioner had an opportunity to be heard, and he was provided with a statement of the reasons for the Board's decision. (Petition Part 1 at 12-60; Petition Part 2 at 1-32.) Because Petitioner has not shown that the procedures followed by prison officials were constitutionally deficient, there is no basis for federal habeas relief. See <u>Swarthout</u>, 562 U.S. at 220-21; see also <u>Greenholtz</u>, 442 U.S. at 16. The Petition, therefore, should be summarily dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed with prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial

showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed with prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: March 15, 2019

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE